## J. B. HILL *v.* WALKER & CO.

SUPREME COURT. *Modification of decree.* A decree was rendered in the Chancery Court against the Clerk and Master for money deposited with him in his official capacity, but which had been lost by the failure of the bank in which he deposited it. Upon appeal the decree of the Chancery Court was affirmed. At the next term after the affirmance of the decree of the Chancery Court, the party in whose favor the decree was pronounced moved the Supreme Court for a rule on the Clerk to pay the money into court, or else to remand the cause to the Chancery Court, to the end that the rule might be made in that court. *Held,* 1. The Supreme Court has no authority to make a rule on the Clerk and Master to pay the money into court. 2. Nor could the Supreme Court so modify or alter the decree made at a former term as to direct the cause to be remanded to the Chancery Court for enforcement there.

### FROM SHELBY.

Appeal from the Chancery Court.

No record found.

NICHOLSON, C. J., delivered the opinion of the court.

It appears that J. B. Hill deposited with A. Alston, Clerk and Master, a certain amount of money, to be applied in the redemption of real estate which Hill was seeking, through a decree of the Chancery Court, to redeem. Alston deposited the money in the Gayoso Bank, which failed, and the money was lost. Hill moved for judgment against Alston for the money, and a decree was rendered against him. He appealed to this court, and gave Coleman as his surety on the appeal bond. This court affirmed the decree, and gave judgment here against Alston and Coleman.

Hill now moves the court either to make a rule on Alston to pay the money into court, or to remand the cause to the Chancery Court, to the end that such rule may be made in that court.

Affidavits are filed to show that when the case was decided in this court, the solicitor of Hill intended to draw the decree remanding the cause to the Chancery Court with the view of enforcing a speedy collection of the money by a rule on Alston to pay it into court; but that the solicitor adopted a simple decree of affirmance and judgment against Alston and his surety Coleman, at the request of Alston's solicitor, and upon his assurance that the parties were good, and that the money would soon be paid.

Upon this state of facts we are asked to make a rule on Alston, or to remand the cause to the Chancery Court. It seems not to be insisted that this court can make the rule on Alston. That we cannot is manifest. Nor do we know upon what principle we can so modify or alter a decree made at a former term

as to direct a cause to be remanded to the Chancery Court for enforcement there after a final decree and judgment have been rendered here. Our control over the decree ceased with the term, unless to, correct such mistakes or errors of inadvertance as are provided for by statute. This is not that kind of case. The application is disallowed.